debtors of a closed bank, which it denies to another class, with no just or reasonable ground for the classification; (2) it attempts to confer an exclusive and separate privilege on the creditors and debtors of one class of closed banks in this State, which it denies to the creditors and debtors of another class, with no just or reasonable ground for the classification; and (3) it attempts to confer an exclusive and separate privilege on the creditors and debtors of one class of closed banks in the counties, townships and towns designated in the statute, which it denies to the creditors and debtors of another class, with no just or reasonable ground for the classification.

Statutes enacted by the General Assembly in violation of section 7 of Article I of the Constitution of this State have been declared unconstitutional and void by this Court in *Plott v. Ferguson,* 202 N. C., 446, 163 S. E., 688; *S. v. Fowler,* 193 N. C., 290, 136 S. E., 709; *Motley v. Warehouse Co.,* 122 N. C., 347, 30 S. E., 3; *Simonton v. Lanier,* 71 N. C., 498.

The question as to whether a statute enacted by the General Assembly of this State, applicable to all creditors and all debtors of all closed banks in the State, providing that any creditor of such bank shall be authorized to sell and convey his claim against such bank to a purchaser who is indebted to said bank, and that such purchaser shall be entitled to apply such claim to the discharge of his debt to the bank at its full face value, would contravene section 10 of Article I of the Constitution of the United States, prohibiting any state from passing a law impairing the obligation of a contract, or making anything but gold and silver coin a tender in payment of debts, is not considered or decided on this appeal. For the reason stated in this opinion the judgment of the Superior Court is

Reversed.

STACY, C. J., concurs in result.

———————————

IN RE CENTRAL BANK AND TRUST COMPANY OF ASHEVILLE, N. C.

(Filed 24 January, 1934.)

**Banks and Banking H d—**

> Act allowing purchased claims for deposits to be used at face value to pay debts to certain closed banks is held unconstitutional and void.

APPEAL by respondent, Gurney P. Hood, Commissioner of Banks, and others from *Alley, J.,* at May Term, 1933, of BUNCOMBE. Affirmed.

The Central Bank and Trust Company, a banking corporation engaged in the banking business at Asheville, N. C., under the laws of this State, closed its doors and ceased to do business on 19 November, 1930. Its assets are now in the possession of the Commissioner of Banks of North Carolina, for liquidation as provided by statute, N. C. Code of 1931, sec. 218(c); chapter 113, Public Laws of N. C., 1927, as amended.

The above entitled cause was heard on a petition filed by certain creditors of said bank, whose claims have been adjudged as entitled to preferential payment, for an order directing the Commissioner of Banks to decline to allow certain debtors of said bank to pay and discharge their debts by claims purchased by them from certain creditors of said bank, under the provisions of chapter 344, Public-Local Laws of North Carolina, 1933, as amended.

At the hearing the court was of opinion that said chapter 344, Public-Local Laws of North Carolina, 1933, as amended is unconstitutional and void, and in accordance with said opinion it was ordered by the court that the Commissioner of Banks ignore said statute in the administration of the assets of said bank.

The Commissioner of Banks and others who had been permitted to intervene at the hearing, appealed to the Supreme Court.

*Carter & Carter and Alfred S. Barnard for petitioners.*
*Johnston, Smathers & Rollins and C. I. Taylor for respondent.*
*W. A. Sullivan for intervenors.*
*M. G. Wallace, Amicus Curiæ.*

CONNOR, J. There was no error in the order entered in this cause by Judge Alley. It is affirmed. See *Edgerton v. Hood, ante,* 816.

Affirmed.

---

F. E. ALLRED v. G. E. ROBBINS, BERTHA ROBBINS AND H. FOIL
MICHAEL.

(Filed 24 January, 1934.)

**Pleadings D b—**
> An action to recover on a promissory note and to set aside a conveyance of property by the maker as being fraudulent to creditors is not demurrable for misjoinder of parties and causes.

CIVIL ACTION, before *Devin, J.,* at September Term, 1933, of ALAMANCE.

The plaintiff alleged that on or about 3 December, 1930, the defendant, G. E. Robbins, executed and delivered to him certain promissory notes